Moreover, although the passion of defense counsel is admirable, their contention that our Superior Court has somehow undermined our system of justice by its careful and expeditious handling of the many cases that have arisen since the OCME problems surfaced comes with little grace. Likewise, its contention that the State itself has not taken these problems seriously seems strained. The reality is that since the problems arose, the State itself has (1) conducted an intensive investigation that forms the basis for the defendants'? allegations; (2) compromised many cases with other defendants where the evidence-handling problems at the OCME bore directly and for case-specific reasons on a prosecution or the validity of a sentence;[25] and (3) terminated employees at the OCME and prosecuted others, including the Chief Medical Examiner himself. Further, the General Assembly and the Governor have taken action to restructure the State's governance of its crime lab and to create a new crime lab.[26] Although these efforts may not be deemed sufficient by counsel for the defendants, they deserve acknowledgement because they refute the defendants' contention that but for their release from voluntary pleas for illegal conduct they still do not deny committing, there will be no response to the problems that have been uncovered at the OCME.

Put simply, the defendants are unable to identify any equitable reason why they should not be held to their pleas. We have

no doubt that the defendants and their counsel wish they had known of the problems at the OCME when the defendants voluntarily admitted their guilt and used their acceptance of responsibility to get charges dropped and secure sentences far below the statutory maximum. It may be the case that knowing about the OCME problems would have given the defendants more bargaining leverage. But that possibility is not a basis for concluding that the defendants were unfairly convicted after a voluntary plea. Each of these defendants had every opportunity to claim that she was in fact not guilty, to contend that she did not possess illegal drugs, and to go to trial. To this day, not one advances the contention that she was in fact innocent.

Given these realities, there is no just basis to vacate their pleas or otherwise upset their sentences. We therefore affirm the well-reasoned judgment of the Superior Court in its order of December 3, 2014.

**Corey LEWIS, Defendant
Below, Appellant,**

v.

---

in each case, the defendant knowingly admitted to his unlawful possession of illegal drugs.

**25.** *E.g., Irwin*, 2014 WL 6734821, at *13 (explaining that "an audit of the evidence from more than 9000 cases was undertaken" after the problems at the OCME were discovered and observing that "cases have been dis-

missed or were allowed to plea to reduced charges").

**26.** *See* S. 241, 147th Gen. Assemb., Reg. Sess. (Del. 2014) (establishing the Division of Forensic Science, abolishing the OCME, and vesting all powers previously given to the OCME with the Division of Forensic Science).

STATE of Delaware, Plaintiff Below, Appellee.

No. 368, 2015

Supreme Court of Delaware.

Submitted: August 5, 2015

Decided: October 12, 2015

Court Below—Superior Court of the State of Delaware, in and for New Castle County, Cr. ID No. 1306017893

AFFIRMED.

Andre G. FONVILLE, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

No. 2, 2015

Supreme Court of Delaware.

Submitted: August 17, 2015

Decided: October 13, 2015

Court Below—Superior Court of the State of Delaware, in and for Sussex Coun-ty, Cr. ID Nos. 1409005465 and 1203007725

AFFIRMED.

Robert ASBURY, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 351, 2014

Supreme Court of Delaware.

Submitted: October 7, 2015

Decided: October 13, 2015

Court Below—Superior Court of the State of Delaware, in and for New Castle County, Cr. ID. No. 1306006968

AFFIRMED.

